# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| SHARLA C. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 2:10 CV 437 |
| ) | |
| TRADEWINDS SERVICES, INC., ) | |
| BOARD OF DIRECTORS of ) | |
| TRADEWINDS SERVICES, INC., AND ) | |
| JOHN GOLD in his individual and official ) | |
| capacities ) | |

## OPINION AND ORDER

Before the Court is the Defendants' "Motion to Strike Plaintiff's Complaint and Jury Demand," filed on November 23 2010. Plaintiff responded on December 17, 2010 to which the Defendants replied on January 7, 2011. For the following reasons, Defendants' Motion will be GRANTED. The Plaintiff shall have 30 days to file an Amended Complaint which complies with the "short and plain statement of the claim " language dictated by Fed.R.Civ.P. 8(a)(2).

## DISCUSSION

On October 29, 2010, the Plaintiff, represented by legal counsel, filed a nine count complaint against the Defendants asserting violations of Title VII in the form of race and gender discrimination and retaliation (Counts 1 and 2); a Due Process violation (Count 3) and numerous state law claims ranging from wrongful discharge to defamation per se (Counts 4 through 9). The Complaint itself is far from the mandate in Fed.R.Civ.P. 8(a)(2) that a pleading stating a claim for relief contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rather, the Complaint here is 39 pages long with 241 paragraphs. Of those 241 paragraphs, the plaintiff asserts

1

173 of them before listing the first count of her Complaint. It is no wonder that at this stage, the Defendants filed the present motion to strike the Complaint in its entirety or, at the very least, to strike impertinent material from it.

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," Fed.R.Civ.P. 8(a)(2), which gives the defendant " 'fair notice of what the ... claim is and the grounds upon which it rests.' " *Twombly,* 550 U.S. at 555 (alteration in original) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). The Second Circuit has observed that:

> The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial. The statement should be short because 'unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.'

*Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1281, at 365 (1969)). When a complaint fails to comply with these requirements, the district court has the power to dismiss the complaint. *Simmons v. Abruzzo,* 49 F.3d 83, 86-87 (2d Cir.1995) (citing *Salahuddin,* 861 F.2d at 42).

Here, the very prolixity of the Complaint in its current form makes it difficult to determine exactly what the Plaintiff's true claims are or what she seeks to rely on for her causes of action. She does set out her causes of actions separately, but this does not occur until page 21 and it incorporates by reference the nearly 200 paragraphs of rhetoric preceding each count. Many of the statements in these preceding pages do not add any substance to the factual allegations nor do they aid the Defendant in determining the basis for her claims. More importantly, they can be summarized and presented in a much more compendious manner. And while the Court acknowledges that the detailed factual allegations may be relevant at some later stage of the proceedings, they are more than is

necessary to comply with Rule 8(a)(2)'s mandates and to put the defendants on notice of the claims she seeks to assert.[1]

Plaintiff seeks to rely on *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) to justify the lengthy factual allegations in her complaint. While it is true that these cases require a plaintiff to furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555-56; *see also Papasan v. Allain,* 478 U.S. 265, 286 (1986), the cases are careful to state that detailed factual allegations are not necessary to withstand a motion to dismiss. So too, a mere "unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient. *Iqbal,* 129 S.Ct. at 1949. But the burden on the plaintiff is not nearly as extensive as the allegations presented here in the present case. The plaintiff need only state a "a claim to relief that is plausible on its face." A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Moreover, the burden on the defense to answer such a complaint is simply unwarranted. Pursuant to this Court's Local Rules, responsive pleadings "shall recite verbatim that paragraph of the pleading to which it is responsive, followed by the response." N.D. Ind. L.R. 10.1. To have the Defendant comply with this local rule would then multiply the already overly lengthy pleadings by at least two. Given that the claims can be stated in a much more succinct and effective manner, requiring the defendants to respond at this point creates an unjustified burden on the defense as well

---

[1] In fact, the Plaintiff's own allegations of discrimination in her Charge of Discrimination attached to the complaint encompass a mere 8 succinct and well-drafted sentences which is a far cry from the dozens of paragraphs that have been set out in the present Complaint to provide a factual basis for the discrimination and retaliation counts of her Complaint.

as the Court that will eventually have to comb through such filings as the case progresses.

Accordingly, the Court GRANTS the Defendants' Motion to Dismiss the Complaint **without prejudice.** Plaintiff shall have thirty (30) days to file an Amended Complaint that complies with Fed.R.Civ.P. 8(a)(2) and the mandates of the Supreme Court precedents cited herein.

So ORDERED. This 10th day of March, 2011

s/ William C. Lee
United States District Court