UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SHARLA C. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 2:10 CV 437 |
| ) | |
| TRADEWINDS SERVICES, INC., ) | |
| BOARD OF DIRECTORS of ) | |
| TRADEWINDS SERVICES, INC.,  AND ) | |
| JOHN GOLD in his individual and official ) | |
| capacities ) | |

**OPINION AND ORDER**

Before the Court is the Defendants' "Motion to Dismiss Plaintiff's Second Amended Complaint" filed on November 14, 2011 [DE 51] as well as Defendants' Motion to Strike filed on January 31, 2012 [DE 62]. Plaintiff responded to the Motion to Dismiss on January 3, 2012 [DE 58] but attached to her response documents outside the pleadings.  This triggered the Defendants' Motion to Strike [DE 69] seeking to have the Court exclude the exhibits attached to the response brief.  Briefing on all of these motions was completed on March 6, 2012.  For the following reasons, Defendants' Motion to Strike will be GRANTED.  The Motion to Dismiss will be DENIED as MOOT.  The Plaintiff shall have 30 days to file a Third Amended Complaint which complies with the "short and plain statement of the claim " language dictated by Fed.R.Civ.P. 8(a)(2) and attaches all relevant exhibits.  Thereafter, the Defendants may refile, if they desire, their Motion to Dismiss.

**DISCUSSION**

This is the second time this case has barely made its way out of the starting gate before it hits a hurdle.  On October 29, 2010, the Plaintiff, represented by legal counsel, filed a nine count

1

complaint against the Defendants asserting violations of Title VII in the form of race and gender discrimination and retaliation (Counts 1 and 2); a Due Process violation (Count 3) and numerous state law claims ranging from wrongful discharge to defamation per se (Counts 4 through 9).  This Court, in reviewing the Defendants' Motion to Strike the Complaint, characterized the filing as "far from the mandate in Fed.R.Civ.P. 8(a)(2) that a pleading stating a claim for relief contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"  Indeed, the Complaint was 39 pages long and contained 241 factual averments, many of which were irrelvant to the statement of a claim for relief.  Thus, the undersigned granted the Motion to Strike the Complaint and ordered the Plaintiff to refile her Complaint, if she chose.

Thereafter, on September 6, 2011, Plaintiff filed her Second Amended Complaint.  This time, the Complaint contains 17 counts and 263 factual averments.[1]  Although Plaintiff asserts claims under Title VII, she has not attached any of the administrative documents such as the EEOC Charge of Discrimination or the Notice of Right to Sue letter.  Because plaintiffs generally must have exhausted their EEOC remedies before pursuing Title VII employment discrimination claims in federal courts, see *Conner v. Illinois Dept. of Natural Resources,* 413 F.3d 675, 680 (7th Cir.2005) ( prior to bringing a Title VII action, "[a] plaintiff must file a charge with the EEOC detailing the alleged discriminatory conduct within the time allowed by statute, and the EEOC must issue a right-to-sue letter"), Plaintiff's failure to attach these documents to her Second Amended Complaint has led to the present Motion to Dismiss the Title VII claims for failure to exhaust administrative remedies.  Realizing the problem, Plaintiff then attached the documents to her response to the

---

[1]Even after being instructed that "short and plain statement" in Rule 8(a)(2) means just that, the Second Amended Complaint appears to go well beyond those dictates. It is an extremely rare case that would require 36 pages or 236 factual allegations to set out a "short and plain statement of the claim showing that the pleader is entitled to relief."

Motion to Dismiss. The Defendants moved to strike arguing that the Plaintiff impermissibly referenced matters outside the pleadings and unless the Court first converted the Motion to Dismiss to a Motion for Summary Judgment they could not be considered. Plaintiff's response brief attempted to justify the late inclusion of the documents but then requested the ability to amend her Complaint if the Court was inclined to strike the documents.

In light of all this, the Court hereby GRANTS the Defendants' Motion to Strike. Plaintiff has thirty (30) days to file a Third Amended Complaint that both complies with Rule 8(a)(2) and attaches all the necessary documentation to demonstrate that she has exhausted her administrative remedies and/or filed a timely lawsuit as to the Title VII claims. The Motion to Dismiss will be DENIED as MOOT. Defendants are encouraged to re-file the Motion to Dismiss taking into account the allegations of the Third Amended Complaint once it is filed.

SO ORDERED.

Entered: March 27, 2012

s/ William C. Lee<br>United States District Court